```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ANGELO M. CANTRONE, | : | **CIVIL NO. 1:06-CV-2038** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MICHAEL J. ASTRUE[1], | : | |
| Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.

On May 6, 2004, the plaintiff, Angelo M. Cantrone, applied for disability insurance benefits. He claimed that he

---

1. Michael J. Astrue became the Commissioner of Social Security, effective February 12, 2007, to succeed Linda S. McMahon. Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

became disabled on March 29, 2004, as the result of chronic neck and shoulder pain stemming from injuries sustained in a motor vehicle accident. The claim was denied initially and on reconsideration. The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on January 30, 2006. (Tr. 237-257)

At this hearing the plaintiff and a vocational witness testified. Plaintiff Cantrone stated that he is forty-three years old, single, living alone, does not have a drivers licence, and completed the tenth grade. He has no job training. He worked as a painter and in temporary jobs in factory settings. He sustained neck bone fractures in an automobile accident in March of 2004. Currently, he experiences right hand, neck and shoulder numbness, back pain, and left arm pain, which, he believes, prevent him from working. In addition to the neck fractures, the accident had caused right hand lacerations and nerve damage. His use of his right hand is limited. He is right handed. He can use the right hand to pick up small items such as change. On his left side, his shoulder presents a problem.

He takes pain medication daily, which causes dizziness and sleepiness. He sometimes has difficulty sleeping at night because of pain. He does not sleep straight through the night.

He has asthma, which limits his walking. He smokes a pack of cigarettes a day. He gets dizzy when standing. He can bend, and he can sit. His daily activities are limited. He has help from brothers and sisters. He watches a lot of television. He could probably lift a gallon of milk or a laundry detergent container (of an unspecified size).

He stated that he uses alcohol once in a while.

A vocational witness testified. (Tr. 251-256). The ALJ decision does not rely upon nor cite the vocational witness testimony, and the ALJ found a residual functional capacity[2] for a full range of sedentary work. (Tr. 19).

---

2. "Residual Functional Capacity" is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Commissioner of Social Security Adm.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)).

On February 7, 2006, the ALJ issued her decision denying the plaintiff benefits. (Tr. 15-20). The Appeals Council denied the plaintiff's request for review (Tr. 5-7), making the ALJ's decision the final decision of the Commissioner.

The plaintiff filed his complaint with this court on October 17, 2006. The defendant filed an answer to the complaint and a copy of the administrative record on December 27, 2006. Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed his brief on February 12, 2007 and the defendant filed his brief on March 13, 2007. No reply brief has been filed.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of

evidence but less than a preponderance.  *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence."  *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the

5

reasons for rejecting certain evidence. *Id*. at 706-707.  In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled.  The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's impairment prevents the claimant from doing any other work.  *See* 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920.

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy

that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that he has impairments that are severe, that his impairments do not meet or equal any listed impairments, and that he has no past relevant work.  The ALJ further determined that the plaintiff has the residual functional capacity to perform the full range of sedentary work.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

The plaintiff argues that the ALJ erred and that the decision is not supported by substantial evidence because the ALJ failed to give weight to the findings made after a neurological examination conducted by Dr. Chikarmane and because the ALJ failed to consider the plaintiff's pain and his associated limitations.  The plaintiff also argues that it was

7

error for the ALJ to have based a determination upon the Medical-Vocational Guidelines.

The ALJ's findings that the plaintiff can perform the full range of sedentary work is incorrect. The variables in the areas of age, education, transportation, resources, knowledge resources and training cited by the plaintiff do not render the Guidelines inapplicable. But the plaintiff has very significant physical limitations. He can not, for example, open a jar[3]. He can not stand steadily and can not walk for significant stretches of time.

> Sedentary work is defined by the Commissioner as work that
> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

---

3.  His statement that his right hand is impaired is not accepted by the ALJ.

20 CFR § 404.1567(a).  The ALJ did not make any findings as to the plaintiff's abilities to walk and stand.

The plaintiff argues that Dr. Chikarmane's neurological opinion was not adequately considered.  Dr. Chikarmane provided a narrative report after his neurological examination. (Tr. 133-137).  He concluded that the plaintiff is totally disabled. The ALJ does not address Dr. Chikarmane's findings and conclusions, and does not make findings from the medical evidence that justify an implicit rejection of Dr. Chikarmane's opinion.

The defendant's brief urges the court to make factual findings from the record, but the court's statutory responsibility is to determine whether the decision of the Commissioner is supported by substantial evidence.  The court must know how the ALJ, the fact finder, has viewed and weighed the evidence.

Moreover, the court would have no basis in law to apportion greater weight to Dr. Gryczko's opinion and other

9

medical evidence than to Dr. Chikarmane's opinion, as urged in the Commissioner's brief.

The defendant argues that the ALJ properly ignored Dr. Chikarmane's disability opinion on the basis that Dr. Chikarmane examined the plaintiff less than six months after the plaintiff's accident and because a twelve month inability to perform substantial gainful activity is a minimal requisite for a disability determination.  The ALJ, however, provided no explanation for not giving weight to Dr. Chikarmane's opinion or for not significantly discussing the opinion and report. The ALJ did not state a finding that Dr. Chikarmane's opinion had become outdated.  The ALJ did not set forth a finding that the plaintiff had undergone a progressive healing and reacquisition of a capacity to work and an explanation for such a finding.  The ALJ, unlike the Commissioner's brief, did not address the twelve month minimum period for a disability determination.  There is not a finding as to when the capacity to work was regained, a significant issue unless the ALJ did indeed reject Dr. Chikarmane's opinion absolutely as it appears she did.

The ALJ's adjudication as to the plaintiff's pain symptoms is next addressed. The ALJ found that the plaintiff's impairments could reasonably be expected to produce his reported symptoms. But she found his statements concerning the intensity, duration and effects of the symptoms not to be credible. She does not state the assertion(s) of the plaintiff about his symptoms that are not fully credible.

The plaintiff argues that the ALJ's outcome determinative negative assessment of his credibility is not explained and is not supported by the evidence. The defendant asserts that the ALJ did provide specific reasons for her credibility assessment. The ALJ determined that the plaintiff's subjective symptoms are such as can reasonably be expected given his medically determined impairments. The ALJ went on, however, to find that his subjective symptoms nevertheless are not credible. This diminishment of the weight of the medically supported symptoms is not consistent with the applicable law. The court, and in particular the Third Circuit Court of Appeals, have been addressing for decades the Commissioner's handling of subjective pain symptoms. A

11

plaintiff is not required to prove a direct cause-and-effect relationship between pain and his physical impairment. *Baegra v. Richardson,* 500 F.2d 309 (3d Cir. 1974), *cert. denied*, 420 U.S. 931.  While there must be objective evidence of some condition that could reasonably produce pain, there need not be objective evidence of the pain itself. *Green v. Schweiker,* 749 F.2d 1066 (3d Cir. 1984).  Here, the ALJ found that the condition could reasonably cause pain.  We do not know of a basis to say that an ALJ may not in a particular set of circumstances find a cause-and-effect relationship between a claimant's impairments and his pain symptoms and yet find the claimant not to be credible.  But the decision and the findings must be explained, under *Cotter*, *supra.*  And, where the finding has been made that the impairment(s) would reasonably cause the symptoms, the explanation for discrediting the symptoms ought to be something more than the boilerplate "not fully credible," we think.  In the ALJ's decision here, an explanation is not presented at Tr. 18-19 that is reasonably reconciled with the preceding finding that the plaintiff's impairments could reasonably be expected to produce his symptoms. The "symptoms"

for the purposes of the adjudication are the verbal expressions of the claimant of what he is subjectively experiencing.

If a statement of reasons for rejecting the plaintiff's credibility appears in the decision, it is in the form of the following paragraph:

> The medical evidence does not corroborate the claimant's allegation that his medication causes side effects, and Dr. Stish's records indicate that the claimant also drinks beer "to kill the pain" (Exhibit 7F), but, otherwise, he is not on any other treatment to alleviate his alleged symptomatology.  He is able to prepare his own meals and do laundry.  No deficits in concentration are documented, and the claimant's employment history is sporadic at best (Exhibit 8D).  Thus, his motivation for full time employment is questionable, and I conclude that the claimant's complaints cannot be entirely credited. He stated he can sit, lift 10 pounds, and use his left hand. No loss of function in his right hand has been established.  Therefore, I find that the claimant can perform a full range of sedentary work.

(Tr. 18-19).  This is not an adequate statement of reasons for finding the plaintiff not to be fully credible.

First, the assertion that the medical evidence does not corroborate the claimant's allegation that his medication causes side effects is not documented. The particular side effects being considered by the ALJ are not stated. The ALJ's assumption appears to be that the Percocet does not cause drowsiness as the plaintiff testified. This issue could have been much more carefully developed by the ALJ if she thought the claimant's affirmative answer to counsel's leading question "Does it make you tired?" (Tr. 20) not to have been credible.

Second, Dr. Stish's records indicate that the claimant was using more than the prescribed dosages of Percocet because it did not adequately alleviate his pain. *See* Tr. 165-169.

Third, a statement that the claimant drinks beer "to kill the pain" but "otherwise his is not on any other treatment to relieve his alleged symptomatology" appears to be materially erroneous. He does take pain medication, as had been noted in the prior sentence, and was brought out at the hearing.

Fourth, the inferences drawn from claimant's ability to do laundry and prepare meals is unclear.

Fifth, deficits in concentration are documented. (Tr. 148, 171, 246).

Sixth, the inference drawn from the employment history is that his motivation to work is questionable. But he was not questioned significantly about his employment history or about his motivation to work before his accident. When an inference of a questionable motivation to work is presented by an employment history, the logical course to follow is to question the worker about it. Where the ALJ has a question but the worker is not questioned about it, it is not reasonable for the ALJ to convert a "questionable" motivation to work in to an inference that the person was not willing to work or did not make adequate efforts to seek and keep jobs, or as an inference that his is not credible about his current health.

The plaintiff's reliance upon *Mason v. Shalala, supra,* is well placed. The ALJ here has denied the claim and rejected

15

the plaintiff's assertions without explaining the implicit rejection of Dr. Chikarmane's opinion and without explaining the apparent inconsistency of a finding on the one hand of a reasonable cause-and-effect relationship between the plaintiff's impairments and his symptoms and, on the other hand, a finding of a lack of credibility.

For the foregoing reasons, it is recommended that the case be remanded to the Commissioner for further proceedings before the ALJ consistent with the foregoing discussion.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 16, 2007.